# FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 1 5 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 03 CR 386 |
| | ) |
| EZZAT KHALIL, | ) Violations: Title 21, United |
| OSAMA ALDAWASMEH, | ) States Code, Sections 843(b), |
| KAIRDIN ALNOUBANI, | ) 846, and 963, Title 18, United |
| NASER DAR EGHRAYYEB, | ) States Code, Sections |
| IZALDEEN TAHA, | ) 1956(a)(1)(B)(i) and 2 |
| GEORGES YOUSSEF, | ) |
| GALEB MIZYED, | ) |
| SALEH MIZYED, | ) |
| TARIQ HAMMAD, and | ) |
| KIMBERLY EASTERLING | ) |
| | ) |

**DOCKETED**

JUL 1 6 2003

JUDGE DARRAH

## COUNT ONE

The SPECIAL FEBRUARY 2002-1 GRAND JURY charges:

### Introduction

1.  At times material to this indictment pseudoephedrine was a List I chemical under Title 21, United States Code, Sections 802(33) and 802(34)(K). Pseudoephedrine was generally used as an over-the-counter sinus medication, but it also could be used as a precursor chemical in the manufacture of methamphetamine or a substance containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, under Title 21, United States Code, Section 812.

### Conspiracy

2.  Beginning in or about December 2000, until on or about

61

April 15, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EZZAT KHALIL,
OSAMA ALDAWASMEH,
KAIRDIN ALNOUBANI,
NASER DAR EGHRAYYEB,
IZALDEEN TAHA,
GEORGES YOUSSEF,
GALEB MIZYED,
SALEH MIZYED,
TARIQ HAMMAD, and
KIMBERLY EASTERLING,

defendants herein conspired and agreed with each other and with others known and unknown to the Grand Jury knowingly and intentionally to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, in violation of Title 21, United States Code, Section 960(d)(3);

3. It was part of the conspiracy that defendants, along with others known and unknown to the Grand Jury, illegally imported and distributed, and caused to be imported and distributed, pseudoephedrine, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture a substance containing a detectable amount of methamphetamine.

4. It was further part of the conspiracy that defendants EZZAT KHALIL, OSAMA ALDAWASMEH, KAIRDIN ALNOUBANI, NASER DAR

2

EGHRAYYEB, IZALDEEN TAHA, GALEB MIZYED, SALEH MIZYED, TARIQ HAMMAD, and others (collectively the "Investor Defendants") pooled cash to purchase millions of tablets of pseudoephedrine in Canada.

5.    It was further part of the conspiracy that the cash raised by the Investor Defendants was given to pseudoephedrine brokers in Canada, including GEORGES YOUSSEF, in exchange for bulk quantities of pseudoephedrine.

6.    It was further part of the conspiracy that the Investor Defendants smuggled, attempted to smuggle, and caused to be smuggled the bulk shipments of pseudoephedrine into the United States from Canada.  One way the Investor Defendants arranged to smuggle the bulk quantities of pseudoephedrine was to conceal the pseudoephedrine in truckloads of bottled water (the "water shipments") that were shipped from Canada to Mississippi.

7.    It was further part of the conspiracy that KIMBERLY EASTERLING established a "front" company, called Austin Distribution Company ("Austin Distribution"), in Poplarville, Mississippi.  EASTERLING and the Investor Defendants arranged to have bulk quantities of pseudoephedrine concealed in cover loads sent from Canada to Austin Distribution's facilities in Mississippi.  There, EASTERLING and the Investor Defendants separated and caused to be separated the bulk quantities of pseudoephedrine from the cover loads of water, and sent and caused to be sent the pseudoephedrine to Las Vegas, Nevada.

3

8. It was further part of the conspiracy that the Investor Defendants and KIMBERLY EASTERLING stored the pseudoephedrine in warehouses in Las Vegas. From there, the Investor Defendants and KIMBERLY EASTERLING arranged to sell the pseudoephedrine to individuals who would and did take the pseudoephedrine to California and elsewhere for the eventual manufacture of methamphetamine.

9. It was further part of the conspiracy that the Investor Defendants and KIMBERLY EASTERLING arranged for the proceeds of the pseudoephedrine sales to be sent from Las Vegas, Nevada, to Chicago, Illinois.

10. It was further part of the conspiracy that defendants misrepresented, concealed, and hid, and caused to be misrepresented, concealed and hidden, the purposes of and the acts done in furtherance of the conspiracy and used cellular telephones, coded language, and other means to avoid detection by law enforcement authorities and otherwise to provide security to the members of the conspiracy;

All in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

4

COUNT TWO

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.     Paragraphs 1 and 3 through 10 of Count One of this indictment are realleged and incorporated here.

2.     Beginning in or about December 2000, until at least on or about April 15, 2003, at Chicago, in the Northern District of Illinois, Eastern Division; and elsewhere,

EZZAT KHALIL,
OSAMA ALDAWASMEH,
KAIRDIN ALNOUBANI,
NASER DAR EGHRAYYEB,
IZALDEEN TAHA,
GEORGES YOUSSEF,
GALEB MIZYED,
SALEH MIZYED,
TARIQ HAMMAD, and
KIMBERLY EASTERLING,

defendants herein conspired and agreed with each other and with others known and unknown to the Grand Jury knowingly and intentionally to possess and distribute a listed chemical, namely, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, in violation of Title 21, United States Code, Section 841(c)(2);

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

5

## COUNT THREE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about August 13, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, as described in Call 2983 on Target Phone III,

IZALDEEN TAHA
and NASER DAR EGHRAYYEB,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 963, namely, conspiracy to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, as charged in Count One;

In violation of Title 21, United States Code, Section 843(b).

6

## COUNT FOUR

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about August 13, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, as described in Call 2990 on Target Phone III,

IZALDEEN TAHA
and OSAMA ALDAWASMEH,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 963, namely, conspiracy to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, as charged in Count One;

In violation of Title 21, United States Code, Section 843(b).

7

## COUNT FIVE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about August 14, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, as described in Call 154 on Target Phone IV,

EZZAT KHALIL
and KAIRDIN ALNOUBANI,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 963, namely, conspiracy to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, as charged in Count One;

In violation of Title 21, United States Code, Section 843(b).

## COUNT SIX

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about August 15, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, as described in Call 3111 on Target Phone III,

OSAMA ALDAWASMEH
and GEORGES YOUSSEF,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 963, namely, conspiracy to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, as charged in Count One;

In violation of Title 21, United States Code, Section 843(b).

9

COUNT SEVEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about August 16, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, as described in Call 325 on Target Phone IV,

EZZAT KHALIL
and KAIRDIN ALNOUBANI,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 963, namely, conspiracy to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, as charged in Count One;

In violation of Title 21, United States Code, Section 843(b).

10

COUNT EIGHT

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about June 5, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, as described in Call 146 on Target Phone I,

OSAMA ALDAWASMEH
and TARIQ HAMMAD,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 963, namely, conspiracy to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, as charged in Count One;

In violation of Title 21, United States Code, Section 843(b).

11

## COUNT NINE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about June 5, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, as described in Call 147 on Target Phone I,

OSAMA ALDAWASMEH<br>
and TARIQ HAMMAD,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 963, namely, conspiracy to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, as charged in Count One;

In violation of Title 21, United States Code, Section 843(b).

12

<u>COUNT TEN</u>

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about June 5, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, as described in Call 143 on Target Phone I,

OSAMA ALDWASMEH
and NASER DAR EGHRAYYEB,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 963, namely, conspiracy to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, as charged in Count One;

In violation of Title 21, United States Code, Section 843(b).

13

## COUNT ELEVEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about August 13, 2002, at Oak Lawn, in the Northern District of Illinois, Eastern Division, and elsewhere, as described in Call 96 on Target Phone IV,

EZZAT KHALIL
and SALEH MIZYED,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 963, namely, conspiracy to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, as charged in Count One;

In violation of Title 21, United States Code, Section 843(b).

14

## COUNT TWELVE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about August 13, 2002, at Oak Lawn, in the Northern District of Illinois, Eastern Division, and elsewhere, as described in Call 101 on Target Phone IV,

EZZAT KHALIL
and SALEH MIZYED,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 963, namely, conspiracy to import into the United States from a place outside the United States, namely Canada, pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely, mixtures containing a detectable amount of methamphetamine, a Schedule III Controlled Substance, as charged in Count One;

In violation of Title 21, United States Code, Section 843(b).

15

COUNT THIRTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about November 10, 2002, at Bolingbrook and elsewhere in the Northern District of Illinois, Eastern Division,

OSAMA ALDAWASMEH,

defendant herein, knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, when, in connection with the purchase of real property at 835 Briarcliff Road, Bolingbrook, Illinois, he caused to be issued a TCF National Bank Illinois Official Check, number 527036573, dated November 10, 2002, in the amount of $2,000, which financial transaction involved the proceeds of a specified unlawful activity, namely, violations of the Controlled Substances Act, as described in Counts One and Two of this Indictment, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, source, ownership, and control of the proceeds of said specified unlawful activity and further knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

16

## COUNT FOURTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about January 29, 2003, at Bolingbrook and elsewhere in the Northern District of Illinois, Eastern Division,

### OSAMA ALDAWASMEH,

defendant herein, knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, when, in connection with the purchase of real property at 835 Briarcliff Road, Bolingbrook, Illinois, he caused to be issued a personal check, number 7174, drawn on a TCF National Bank account, dated January 29, 2003, in the amount of $9,700, which financial transaction involved the proceeds of a specified unlawful activity, namely, violations of the Controlled Substances Act, as described in Counts One and Two of this Indictment, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, source, ownership, and control of the proceeds of said specified unlawful activity and further knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

17

## COUNT FIFTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

In or about February 2003, at Oak Lawn and elsewhere in the Northern District of Illinois, Eastern Division,

### KAIRDIN ALNOUBANI,

defendant herein, knowingly conducted and attempted to conduct a financial transaction, affecting interstate commerce, with the payment of approximately $28,000 in United States currency in connection with the purchase of a 1999 BMW Model740i sedan (VIN: WBAGG8332XDN74386) from Individual A, which transaction involved the proceeds of specified unlawful activity, namely violations of the Controlled Substances Act as described in Counts One and Two of this Indictment, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, the source, the ownership, and the control of the proceeds of such specified unlawful activity and further knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

18

## COUNT SIXTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about May 13, 2002, at Tinley Park and elsewhere in the Northern District of Illinois, Eastern Division,

### KAIRDIN ALNOUBANI,

defendant herein, knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, when, in connection with the purchase of real property at 8731 Black Oak, in Tinley Park, Illinois, he caused the transfer of a monetary instrument in the amount of $81,974.10, which financial transaction involved the proceeds of specified unlawful activity, namely violations of the Controlled Substances Act as described in Counts One and Two of this Indictment, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, source, ownership, and control of the proceeds of said specified unlawful activity and further knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

19

## COUNT SEVENTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about March 15, 2002, at Westchester and elsewhere in the Northern District of Illinois, Eastern Division,

### IZALDEEN TAHA,

defendant herein, knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, when, in connection with the purchase of real property at 16651 Dorchester Place, Lockport, Illinois, he caused the transfer of a monetary instrument in the amount of $39,743.47, which financial transaction involved the proceeds of specified unlawful activity, namely violations of the Controlled Substances Act as described in Counts One and Two of this Indictment, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, source, ownership, and control of the proceeds of said specified unlawful activity and further knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

20

## FORFEITURE ALLEGATION ONE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.     The allegations of Counts One through Twelve of this Indictment are realleged and incorporated herein by reference for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 853.

2.     As a result of their violations of Title 21, United States Code, Sections 843, 846 and 963 as alleged in the foregoing Indictment,

EZZAT KHALIL,
OSAMA ALDAWASMEH,
KAIRDIN ALNOUBANI,
NASER DAR EGHRAYYEB,
IZALDEEN TAHA,
GEORGES YOUSSEF,
GALEB MIZYED,
SALEH MIZYED,
TARIQ HAMMAD, and
KIMBERLY EASTERLING,

defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2): (1) any and all property constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the violations; and (2) any and all of property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the violations.

3.     The interests of the defendants, jointly and severally, subject to forfeiture to the United States pursuant to Title 21,

21

United States Code, Section 853, include, but are not limited to, the following:

   (a)   Real property located at 9511 Massasoit Ave, Oak Lawn, Illinois;

   (b)   Real property located at 1037 Park Crest Drive, Darien, Illinois;

   (c)   Real property located at 16651 Dorchester Place, Lockport, Illinois;

   (d)   Real property located at 8731 Black Oak, Tinley Park, Illinois;

   (e)   approximately $4,000,000;

   4.   By virtue of the commission of the offenses charged in Counts One through Twelve of this Indictment by the defendants, all right, title or interest that any defendant has in the above-described property is vested in the United States pursuant to Title 21, United States Code, Section 853.

   5.   If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred to, sold to, or deposited with a third person;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value;

   e.   has been commingled with other property which cannot be subdivided without difficulty;

22

it is the intent of the United States to seek forfeiture of substitute property belonging to defendants under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

FORFEITURE ALLEGATION TWO

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.    The allegations of Counts Thirteen through Seventeen of this Indictment are realleged and incorporated by reference as if fully restated herein for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to Title 18, United States Code, Section 982.

2.    As a result of their violations of Title 18, United States Code, Section 1956 and 2, as alleged in the foregoing Indictment,

OSAMA ALDAWASMEH,
KAIRDIN ALNOUBANI, and
IZALDEEN TAHA,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all right, title, and interest they may have in any property, real and personal, involved in the money laundering offenses and traceable to the property involved in the offenses, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982.

3.    The interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982, include, but are not limited to, the following:

(a)    approximately $11,700;

24

        (b)    a 1999 BMW Model740i sedan (VIN: BAGG8332XDN74386);

        (c)    real property located at 16651 Dorchester Place, Lockport, Illinois; and

        (d)    real property located at 8731 Black Oak, Tinley Park, Illinois.

4.    By virtue of the commission of the offenses charged in Counts Thirteen through Seventeen of this Indictment by the defendants, all right, title or interest that any defendant has in the above-described property is vested in the United States pursuant to Title 18, United States Code, Section 982.

5.    If any of the forfeitable property described above, as a result of any act or omission by the defendants:

        a.    Cannot be located upon the exercise of due diligence;

        b.    Has been transferred or sold to, or deposited with, a third party;

        c.    Has been placed beyond the jurisdiction of the Court;

        d.    Has been substantially diminished in value; or

        e.    Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United

States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

26

No. 03 CR 386

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

V.

EZZAT KHALIL,
OSAMA ALDAWASMEH,
KALDDIN ALMOURABI,
NASER DAR BGERAYTEB,
IZALDEEN TAHA,
GEORGES YOUSSEF,
GALEB MITYED,
SALEH MITYED,
TARIQ HAMMAD, and
KIMBERLY KASTERLING

**I N D I C T M E N T**

Violations: Title 21 United States Code,
Sections 843(b), 846, and 963, Title 18,
United States Code, Sections 1956(a)(1)(B)(i)
and 2

A true bill

_____
Foreman

Filed in open court this ___ day of _____ 2003
A.D. 19

_____
Clerk

Bail $ _____